1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| W. JAMES CONSTRUCTION, INC., a California corporation; and PRO TOOL & EQUIPMENT, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MJ DIESEL ENGINE SPECIALIST, LLC, a Washington limited liability company; and DOES 1 through 100, inclusive <br><br> Defendants. | Case No.: 16-cv-02277-H-JMA <br><br> **ORDER DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS COMPLAINT** <br><br> [Doc. No. 9.] |

On September 9, 2016, Plaintiff W. James Construction, Inc. filed a complaint against Defendant MJ Diesel Engine Specialist, LLC, alleging causes of action for negligence and breach of contract. (Doc. No. 1.) On November 18, 2016, Defendant filed a motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, to transfer venue pursuant to 28 U.S.C. § 1404(a). (Doc. No. 9.)

In an effort to address the issues raised in Defendant's motion to dismiss, on December 5, 2016, Plaintiff filed a first amended complaint pursuant to Federal Rule of

Civil Procedure 15(a)(1), adding Pro Tool & Equipment, Inc. as an additional Plaintiff in the action.  (Doc. No. 12.)  On December 5, 2016, Plaintiffs also filed a response in opposition to Defendant's motion where Plaintiffs argue that the first amended complaint cures the claimed defects identified by Defendant in its motion to dismiss.  (Doc. No. 13.)  Accordingly, in light of Plaintiff's amended pleading, the Court denies as moot Defendant's motion to dismiss the original complaint, or in the alternative, to transfer venue without prejudice to Defendant renewing the motion based on the allegations in the first amended complaint.  See Fleming v. Coverstone, No. 08CV355 WQH(NLS), 2008 WL 4628397, at *2 (S.D. Cal. Oct. 17, 2008) ("[The amended pleading] contains significant additions and changes to the factual allegations in the [prior pleading].  In light of the significant changes in the [amended pleading], the Court denies the Motion to Strike and Motion to Dismiss the [prior pleading] as moot."); Salat v. Pirotto, No. 2:14-CV-01468-MCE-AC, 2014 WL 6435509, at *1 (E.D. Cal. Nov. 14, 2014) ("The court finds that defendants' motion to dismiss is moot, as plaintiff's initial complaint has been superseded by his first amended complaint."); see also Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997) (An "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'").

**IT IS SO ORDERED.**

DATED: December 5, 2016

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT